# Exhibit 14



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 30636 | 7590 | 11/06/2014 |
|---|---|---|

FAY KAPLUN & MARCIN, LLP
150 BROADWAY, SUITE 702
NEW YORK, NY 10038

| EXAMINER |
|---|
| SHARMA, NEERAJ |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2659 | |

DATE MAILED: 11/06/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/664,934 | 06/11/2010 | Vladimir Malenovsky | 40128/10701 | 6489 |

TITLE OF INVENTION: Method and Device for Sound Activity Detection and Sound Signal Classification

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 02/06/2015 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

30636    7590    11/06/2014
FAY KAPLUN & MARCIN, LLP
150 BROADWAY, SUITE 702
NEW YORK, NY 10038

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/664,934 | 06/11/2010 | Vladimir Malenovsky | 40128/10701 | 6489 |

TITLE OF INVENTION: Method and Device for Sound Activity Detection and Sound Signal Classification

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 02/06/2015 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SHARMA, NEERAJ | 2659 | 704-208000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent):  ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ Applicant certifying micro entity status. See 37 CFR 1.29     NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
☐ Applicant asserting small entity status. See 37 CFR 1.27     NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
☐ Applicant changing to regular undiscounted fee status.     NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____  Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/664,934 | 06/11/2010 | Vladimir Malenovsky | 40128/10701 | 6489 |

| | EXAMINER |
|---|---|
| 30636      7590      11/06/2014 | SHARMA, NEERAJ |
| FAY KAPLUN & MARCIN, LLP | |
| 150 BROADWAY, SUITE 702 | |
| NEW YORK, NY 10038 | ART UNIT      PAPER NUMBER |
| | 2659 |

DATE MAILED: 11/06/2014

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| **Notice of Allowability** | Application No.<br>12/664,934 | Applicant(s)<br>MALENOVSKY ET AL. |
|---|---|---|
| | Examiner<br>NEERAJ SHARMA | Art Unit 2659 / AIA (First Inventor to File) Status: No |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *See Continuation Sheet*.
    - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-22,24-30 and 44-55*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**
    a) ☒ All    b) ☐ Some    *c) ☐ None of the:
    1. ☒ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    
    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
    - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
    
    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☒ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date *10/28/2014*.
5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/NEERAJ SHARMA/
Examiner, Art Unit 2659

U.S. Patent and Trademark Office
PTOL-37 (Rev. 08-13)                    Notice of Allowability                    Part of Paper No./Mail Date 20141029

Case 1:21-cv-00457-CFC   Document 1-14   Filed 03/29/21   Page 7 of 15 PageID #: 251

**Continuation Sheet (PTOL-37)**                                           **Application No. 12/664,934**

Continuation of Item 1. This communication is responsive to : updated amendments, specification and abstract filed by the Applicants on 10/29/2014.

Application/Control Number: 12/664,934 Page 2
Art Unit: 2659

## DETAILED ACTION

### Response to Amendments

1. The present application is being examined under the pre-AIA first to invent provisions. In response to the final rejection office action from 10/04/2013 and advisory action on 02/25/2014, the applicants had submitted a request for continued examination (RCE), filed on 04/01/2014, **amending claims 1, 2, 4 and 44-46.**

The Applicants' thereafter submitted further amendments in consultation with the Examiner on 10/28/2014 which were in line with the allowable subject matter indicated by the Examiner (See Examiner initiated interview summary). The Applicants also agreed to **cancel previously withdrawn claims 31-43 and 56-66**. This final version of the claims overcomes the prior art of record and thus the previous rejections under 35 U.S.C. 102 and 103 are withdrawn. **Claims 1-22, 24-30 and 44-55** are now in condition for allowance.

### Response to Arguments

2. Applicant's arguments have been fully considered and they are persuasive in the light of the amendments submitted by the Applicant and amendments agreed to with the Examiner.

## Allowable subject matter

3. Claims 1-22, 24-30 and 44-55 are allowable over the prior art of record. The following is the examiner's statement of the reasons for allowance:

The closest relevant prior art (which is discussed in further detail below), either taken individually or in combination, fails to explicitly teach or reasonably suggest the invention as represented by method claim 1. The applicant has provided a novel way of estimating the tonal stability of a sound signal, thus taken as a whole this claim represents a new inventive concept.

**Most pertinent prior art:**

**Manjunath (U.S. Patent Application Publication # 2007/0174052)** on **page 1, paragraph 6-7,** teaches that is well known in the art that speech coders may be implemented as frequency-domain coders, which perform an analysis process to capture the short-term speech spectrum of the input speech frame with a set of parameters and employ a corresponding synthesis process to recreate the speech waveform from the spectral parameters. A well-known time-domain speech coder is the Code Excited Linear Predictive or CELP coder. In a CELP coder, the short-term correlations, or redundancies, in the speech signal are removed by a linear prediction

Application/Control Number: 12/664,934                                                                 Page 4
Art Unit: 2659

analysis, which finds the coefficients of a short-term formant filter. Applying the short-term prediction filter to the incoming speech frame generates an LP residue signal, which is further modeled and quantized with long-term prediction filter parameters and a subsequent stochastic codebook. **Page 4, paragraph 52,** states that task T100 may be configured according to any of the various known iterative coding operations for calculating LPC model parameters such as filter and/or reflection coefficients. Such coding operations are typically configured to solve expression iteratively by computing a set of coefficients that minimizes a mean square error. An operation of this type may generally be classified as an autocorrelation method or a covariance method. **Page 5, paragraph 62,** states that it may be desirable to calculate the gain measure as a ratio between a measure of the initial signal energy e.g., the energy of the windowed frame and a measure of the energy of the current residual. However, Manjunath does not teach identifying the tonal stability of the sound signal based on calculating a long-term correlation map, wherein the long-term correlation map is calculated based on an update factor, the correlation map of a current frame, and an initial value of the long term correlation map.

**3GPP TS 26.404 version 2.0.0 "Enhanced aacPlus General Audio Codec; Encoder specification; Spectral Band Replication (SBR) part" (Release 6)** in **section 5.6.3, page 24;** teaches the noise floor calculation operation. However, once again there is no suggestion of identifying the tonal stability of the sound signal based on calculating a long-term correlation map, wherein the long-term correlation map is calculated based on

Application/Control Number: 12/664,934                                                                    Page 5
Art Unit: 2659

an update factor, the correlation map of a current frame, and an initial value of the long term correlation map.

**Jelinek (U.S. Patent Application Publication # 2005/0143989 A1)** on **page 4, paragraph 53,** teaches that the voice activity is detected by comparing the average SNR per frame to a certain threshold which is a function of the long-term SNR. The long-term SNR is given by the equation that follows therein. Calculations from **paragraphs 63-81, on page 5, especially paragraphs 78-80,** show that a noise energy update downward is performed for the critical bands whereby the energy is less than the background noise energy while a second level of noise update is performed later. **Page 5, paragraph 81,** teaches that these update parameters are dependent on LP prediction analysis and open-loop pitch analysis while in case of active speech frames the long-term average frame energy is updated using a different relation as shown in **paragraph 69** of the same page. Also see **paragraph 62, pages 4-5,** for the determination of active and inactive speech using a threshold. Once again this reference too does not teach identifying the tonal stability of the sound signal based on calculating a long-term correlation map, wherein the long-term correlation map is calculated based on an update factor, the correlation map of a current frame, and an initial value of the long term correlation map.

**Su (U.S. Patent Application Publication # 2001/0023395 A1)** on **page 10, paragraph 200,** teaches that the parameter beta varies between 0.0 and 0.9, being 0.0 for speech,

music, tonal-like signals, and non-stationary background noise and ramping up towards 0.9 when stationary background noise occurs. This parameter beta performs both the functions of non-stationarity and noise character. Also see **Page 10, paragraphs 178-200,** which explains the working of the above mentioned beta parameter. The encoder processing circuitry checks the VAD and the evolution of the spectral envelope, and performs a full or partial reset of the smoothing if required. Already on **paragraph 146, page 9,** it has been shown that one frame has been divided into 3 sub-frames for the long-term preprocessing. Furthermore, **page 16, paragraphs 386-387, figure 4,** show the equation for noise level during gain normalization, where Es is the energy of the current input signal including background noise, and En is a running average energy of the background noise. Once again this reference too does not teach identifying the tonal stability of the sound signal based on calculating a long-term correlation map, wherein the long-term correlation map is calculated based on an update factor, the correlation map of a current frame, and an initial value of the long term correlation map.

Hence as evidenced above, the closest prior art of record although teaching bit and parts, fails to describe the coding invention set forth in claim 1, especially Once again this reference too does not teach identifying the tonal stability of the sound signal based on calculating a long-term correlation map, wherein the long-term correlation map is calculated based on an update factor, the correlation map of a current frame, and an initial value of the long term correlation map. Further, it would not have been obvious to

Application/Control Number: 12/664,934                                                                    Page 7
Art Unit: 2659

one of ordinary skill in the art to modify the teachings of the prior art of record to obtain the recited claim limitations of the independent claims as noted above.

Claims 2-22 and 24-30 represent a narrower and more specific version of the invention set forth in claim 1, thus as such, are also allowable for at least the preceding reasons. Claims 44-45 are device claims for corresponding method claim 1 and hence are also allowable for at least the preceding reasons. Claims 46-55 represent a narrower and more specific version of the invention set forth in claims 44-45, thus as such, are also allowable for at least the preceding reasons.

**Examiner's Note:** Claim 1 and its dependents were considered for a rejection under 35 U.S.C. 101 as being nothing significantly more than an abstract idea in the form of mathematical formulae. However, on closer scrutiny and discussion in view the new memo issued in response to Alice corp. Vs CLS bank judgment by the Supreme Court, it was agreed that claim 1 in its present form pertains to a specific application, i.e. determination of the tonal stability of a sound signal. The identification of the tonality of the signal provides structure for the claim and is based on calculating a long-term correlation map, wherein the long-term correlation map is calculated based on an update factor, the correlation map of a current frame, and an initial value of the long term correlation map. This constitutes an improvement in the field of sound processing and hence the claim amounts to significantly more than the abstract idea of itself.

Application/Control Number: 12/664,934 Page 8
Art Unit: 2659

## CONCLUSION

4. The following prior art, made of record but not relied upon, is considered pertinent to applicant's disclosure: **Garudadri (U.S. Patent # 8428957 B2), Ohta (U.S. Patent Application Publication # 2007/0088540 A1), Ealey (U.S. Patent Application Publication # 2004/0133424 A1), Oh (U.S. Patent # 8311811 B2), Sung (U.S. Patent # 8175869 B2), Ramabadran (U.S. Patent # 6988064 B2), Terez (U.S. Patent # 7124075 B2), Padhi (U.S. Patent # 7653537 B2), Sinha (U.S. Patent # 7953605 B2), Ehara (U.S. Patent # 7983904 B2), Ishii (U.S. Patent # 8086449 B2), Kurniawati (U.S. Patent # 7873510 B2), Tell (U.S. Patent Application Publication # 2005/0065781 A1), Iser (U.S. Patent # 7630881 B2), Miyazawa (U.S. Patent # 5594833 A)**. These references are also included in the PTO-892 form.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance".

Any inquiry concerning this communication or earlier communications from the examiner should be directed to NEERAJ SHARMA whose telephone number is (571)270-5487. The examiner can normally be reached on M-F 8:30AM to 5 PM. If attempts to reach the examiner by telephone are unsuccessful, the examiner's

Application/Control Number: 12/664,934 Page 9
Art Unit: 2659

supervisor, Pierre-Louis Desir can be reached on (571)272-7799. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/NEERAJ SHARMA/
Examiner, Art Unit 2659

/PIERRE-LOUIS DESIR/
Supervisory Patent Examiner, Art Unit 2659